IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERI HONKALA et. al | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-725 |
| | : | |
| U.S. DEPARTMENT OF HOUSING | : | |
| AND URBAN DEVELOPMENT, et al. | : | |

**McHUGH, J.**                                                                                                                                           January 31, 2022

**MEMORANDUM**

This case is a companion to *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, and raises nearly identical claims. For the reasons set forth in my Memorandum Opinion in Civil Action No. 21-0684, attached hereto, I am also obligated to dismiss this case.

**I.    Relevant Factual and Procedural Background.**

In the midst of a housing and public health crisis, made worse by the COVID-19 pandemic, adult Regina Haley and her one minor child, J.M., and adult Sandra Arleen Rivera-Colon and her one minor child, S.R., were unhoused. Am. Compl. ¶¶3.4, ECF 13. Plaintiff Regina Haley and her minor child had been without regular and secure housing for the prior five years, because of – among other reasons – periodic unemployment, poverty, and "endemic stagnancy" on Philadelphia's waiting list for public housing, which has been closed since 2013.[1] *Id*. ¶45. Plaintiff Sandra Arleen Rivera-Colon and her minor child have been without regular and secure housing for their entire lives for the same reasons, and because they are lower on the waiting list

---

[1] *See* Philadelphia Housing Authority, Information on Admissions to Public Housing Program, available at http://www.pha.phila.gov/housing/admissions.aspx.

for public housing when compared to families with more than one child. *Id.* Plaintiffs plead that they were unable to reside in shelters because of age and location requirements which would have required adult Plaintiffs to be separated from their minor children. *Id.* ¶46. All Plaintiffs are Latino or African American. *Id.* ¶4.

In their search for housing, Plaintiffs sought help from Cheri Honkala, a community activist, and the nonprofit she operates, Poor People's Economic Human Rights Campaign ("PPEHRC"). *Id.* ¶43. The organization's stated mission is to "improve the public health, housing conditions and economic rights of poor people in Philadelphia." *Id.* ¶¶1-2.

In October 2020, Cheri Honkala and PPEHRC "procured" 2009 E. Tioga Street, Philadelphia, PA 19134, for Plaintiffs to live in. *Id.* ¶43. The property is legally owned by the U.S. Department of Housing and Urban Development (HUD), *see id.* ¶¶40-43, Ex A; *see also* HUD's Properly Recorded Deed to 2009 E. Tioga Street, Def. PHA's Motion to Dismiss, Ex. 1, ECF 33. But at the time, the property was vacant, and pursuant to Ms. Honkala's advice, Plaintiffs occupied the property without permission from HUD. Am. Compl. ¶40-43. Plaintiffs assert that the property had been "abandoned and neglected by the federal government"[2] and was "suitable for the purposes of providing shelter to ... individuals and families, during the clear and present public health and housing crises presented by the Covid-19 pandemic." *Id*. ¶40. Plaintiffs Honkala and PPEHRC allege that they "provided the resources and/or labor to rehabilitate" 2009 E. Tioga Street to be "fit for human habitation." *Id.* ¶43.

In February 2021, Defendant HUD filed a lawsuit against Plaintiffs to evict them from the property at issue. *HUD v. Regina Haley and all occupants*, No. 210202272 (Phila. Ct. Com. Pl.

---

[2] Plaintiffs submit that "despite the existence of approximately eight (8) abandoned properties in Philadelphia for every one (1) homes person," Defendants "have utterly no plans to utilize these public resources to ameliorate the coming public health and housing crisis wrought by the Covid-19 pandemic..." Am. Compl. ¶27.

Feb. 24, 2021); Am. Compl. ¶50; *see also id*. Ex. A. According to HUD, Plaintiffs vacated the property on or before October 25, 2021. Def. HUD's Mot. to Dismiss, ECF 34. *See* Phila. Ct. Com. Pl. Dkt. Entry Dated Oct. 26, 2021, Ex. 1 at 2 (letter from plaintiffs' counsel advising the state court that the individual plaintiffs have vacated 2009 E. Tioga Street). As a result, the state-court lawsuit was discontinued before trial. *See id.* at 1 (entry of Honorable Abbe F. Fletman marking case disposition as "settled prior to assigned for trial").

In addition to facing the threat of eviction, Plaintiffs allege that beneficiaries of Cheri Honkala and PPEHRC's work "such as Plaintiff(s) and the minor Plaintiff(s) herein, have been threatened by Defendant(s) with (or actually have been) subjected to the forced separation of their families" when the Philadelphia Police Department, the Philadelphia Department of Human Services, the Sheriff's Office of Philadelphia, and/or the First Judicial District of Philadelphia placed minors in foster care. Am. Compl. ¶54. It is unclear as pleaded whether plaintiffs themselves were threatened or subjected to the forced separation of their families, or whether the allegations refer generally to beneficiaries of Ms. Honkala and PPEHRC's work.[3] Plaintiffs do not specify when they were purportedly threatened by Defendant(s) nor do they specifically allege that the Plaintiff minor children were in fact ever separated from their caregivers.

Ms. Honkala originally filed this lawsuit *pro se* and on behalf of PPEHRC and the individual Plaintiffs on February 12, 2021. ECF 1. After obtaining counsel, Plaintiffs filed an Amended Complaint on June 29, 2021. ECF 13. The Amended Complaint alleges various causes of action against the City of Philadelphia, the Philadelphia Housing Authority (PHA), the First

---

[3] Plaintiffs Amended Complaint includes that "Plaintiff(s) have been, and are continually threatened by, the Defendants and/or any other city, state and federal authorities, with a variety of ... civil and criminal enforcement mechanisms (including but not limited to threats of the unwarranted and unlawful seizure of minor Plaintiff(s) herein, for mandatory placement with third party, child care services operated by and/or in coordination with Defendants)." Amend. Compl. ¶104.

Judicial District of Pennsylvania (FJD), and federal defendants including U.S. Department of Housing and Urban Development (HUD); Marica Fudge, Secretary of HUD, and the U.S. Department of Health and Human Services ("HHS").  Am. Compl. ¶¶5-9.  Plaintiffs seek declaratory relief establishing that the individual Plaintiffs may lawfully live at 2009 E. Tioga Street, an injunction permanently enjoining Defendants from evicting Plaintiffs from the property, a declaration that all unutilized and underutilized federal public buildings and real property be used for purposes of ameliorating the homelessness crisis in Philadelphia, and an award of compensatory and punitive damages to fund a Conservator to rehabilitate the Property.

## II. Standard of Review

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).[4]

## III. Discussion

Similar to the Complaint in the related action, the Complaint here is scattershot, often lacking in precision, and alleges liability based on several unrelated statutes and purported violations of constitutional rights. Defendants First Judicial District of Pennsylvania, City of Philadelphia, Philadelphia Housing Authority, Marcia Fudge, U.S. Department of Housing & Urban Development, move to dismiss Plaintiffs' claims.  Plaintiffs allege violations of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. (hereinafter the "FHA"), the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb et seq. (hereinafter "RFRA"), the Religious Land Use and Institutionalized Persons Act of 2000 (hereinafter "Religious Land Use Act"), 42 U.S.C. §§ 2000cc

---

[4] Federal defendants bring their claims under 12(b)(6) and under 12(b)(1) for lack of subject matter jurisdiction. For the purposes of ease, the Court considers all claims under 12(b)(6).

4

et seq., 42 U.S.C. § 1983 (hereinafter "Section 1983"), the Stewart B. McKinney Homelessness Assistance Act (hereinafter the "McKinney Act"), 42 U.S.C. §§ 11411, et seq., Plaintiffs' rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.[5] For the below reasons, Defendants' motions to dismiss are granted and Plaintiffs' Amended Complaint is dismissed in full.

1. **Plaintiffs Fail to State a Claim Against the First Judicial District**

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs have failed to state a claim with respect to the First Judicial District.

2. **Plaintiffs Fail to Establish a Claim Under the Fair Housing Act**

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs' claims fail because they are neither buyers nor renters within the meaning of the FHA.[6]

3. **Plaintiffs Fail to Establish a Claim under the Religious Freedom Restoration Act or the Religious Land Use and Institutionalized Persons Act**

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs' RFRA and RLIUPA claims fail.

Additionally, Plaintiffs' claims fail with respect to federal defendants because RFRA applies only to federal actors applying federal law. *See* 42 U.S.C. § 2000bb-2 (defining "government"

---

[5] Plaintiff's Amended Complaint also included a claim under the Abandoned and Blighted Property Conservatorship Act, 68 P.S. §§ 1101 et seq, but Plaintiffs have withdrawn that claim. *See* Pls.' Answer to Fed. Defs.' Mot. to Dismiss at 3, ECF 37.

[6] As the federal defendants correctly note, the Plaintiffs have not alleged that 2009 E. Tioga Street was available to anyone for rent or purchase.

as any "branch, department, agency, instrumentality and official (or other person acting under color of law) of the United States"); 42 U.S.C § 2000bb-3(a) ("This chapter applies to all Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993").

The Plaintiffs have not alleged that the Federal Defendants took or threatened to take any actions against them using federal law. The Plaintiffs allege that by filing an ejectment action in the Philadelphia Court of Common Pleas, the Federal Defendants sought to substantially burden the Plaintiffs' sincere religious exercise. The state-court complaint, however, was brought pursuant to state common law and Pennsylvania civil procedure. As a result, Plaintiffs' RFRA claim fails.

4.  **Plaintiffs Fail to Establish a Claim under the McKinney Vento Act**

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs' claims fail

5.  **Plaintiffs Fail to Establish a Violation of their Constitutional Rights under the Due Process Clause and Equal Protection Clause**

Plaintiffs fail to establish a violation of their constitutional rights under the due process clause. Plaintiffs allege that "Defendants have unlawfully and immorally asserted that the Plaintiff(s)' current residency at the property is illegal and/or unlawful, and have threatened the Plaintiff(s) with criminal and/or civil enforcement mechanisms without the requisites of due process and/or in violation of current city, state and federal moratoriums on the eviction of such individuals...". Amend. Compl. ¶103.  This argument fails for the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, and because Plaintiffs received due process through the state court ejectment proceeding, during which they were represented by counsel.

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs' Equal Protection claims also fail.

### 6. Plaintiffs Fail to Establish a State Created Danger Claim

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs' claims against state actors and state agencies fail.

### 7. Because Plaintiffs have not successfully pled an underlying violation of federal law, their *Monell* claim fails

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684, Plaintiffs' claims fail.

### 8. Plaintiffs Fail to Establish a Claim under the Declaratory Judgment Act

For the reasons set forth in *Honkala et. al v. U.S. Department of Housing and Urban Development, et al.*, Civil Action No. 21-0684.

## IV. Conclusion

Plaintiffs state a strong case of unmet needs. Their Complaint succeeds in focusing attention on the crisis of homelessness. But wholly apart from the conclusory nature of many of the allegations, the fundamental deficit is Plaintiffs' failure to assert any legally cognizable causes of action. Plaintiffs have amended this action once and have amended the two related actions twice. I am therefore convinced that further amendments would be futile. ECF 13, 31. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.") The action will therefore be dismissed with prejudice.

An appropriate order follows.

<u>/s/ Gerald Austin McHugh</u>
United States District Judge
